DECISION AND JUDGMENT ENTRY
The Minford Local School District appeals from the Portsmouth Municipal Court's May 23, 2000 "Judgment Entry" denying appellants' motion for summary judgment on the issue of appellants' entitlement to political subdivision immunity. Appellants assign the following error:
 The trial court erred in denying defendant-appellant Minford Local School District's motion for summary judgment in finding that defendant-appellant is not entitled to immunity.
Scioto App. No. 00CA2723
We must first address the threshold question of whether the May 23rd judgment is a final order. Generally, the denial of a motion for summary judgment is not a final appealable order because it does not determine the action. State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23,222 N.E.2d 312. Appellants contend that the May 23rd judgment is final and appealable pursuant to R.C. 2744.02(C), which states: "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744, or any other provision of law, is a final order."
However, the January 27, 1997 amendment that added paragraph (C) to R.C. 2744.02, is a part of Am.Sub.H.B. No. 350. The Supreme Court of Ohio subsequently found Am.Sub.H.B. No. 350 to be unconstitutional in its entirety. State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999),86 Ohio St.3d 451, 715 N.E.2d 1062. The Sheward decision returned the law concerning final appealable orders to the status it held prior to January 27, 1997. Prior to the January 27th amendment, an order denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744, was interlocutory and could not be appealed until the issuance of a R.C. 2505.02 final appealable order. Thus, a court of appeals no longer has a jurisdictional basis to review a trial court's interlocutory decision denying immunity. See Burger v. Cleveland Hts. (1999),87 Ohio St.3d 188, 189, 718 N.E.2d 912 (affirming a court of appeals' dismissal of an appeal for lack of a final appealable order).
The denial of immunity pursuant to R.C. 2744.02 is interlocutory.Watters v. Ross County Children's Services (Feb. 18, 2000), Pickaway App. Nos. 99CA9 and 99CA12, unreported; Fannin v. City of Portsmouth
(Feb. 15, 2000), Scioto App. No. 99CA2661, unreported. The record reflects that the May 23, 2000 case sub judice remains pending in the trial court and was scheduled for a jury trial, thus, we find that no final order has been issued in this appeal.
Accordingly, the appeal must be dismissed for lack of jurisdiction.
Scioto App. No. 00CA2723
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
Exceptions.
Harsha, J. and Evans, J.: Concur.
 ________________________________ Roger L. Kline, Presiding Judge